UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HICKS,

    Defendant.
_____/

Criminal Action No.
00-CR-80042

Civil Action No.
06-CV-12628

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

    This matter is presently before the Court on Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. The Government has not responded to Defendant's motion. Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court shall decide this motion without an evidentiary hearing.

**I.**       **PROCEDURAL BACKGROUND**

    In a two-count indictment, James Hicks ("Defendant") was charged with one count of felon in possession of a firearm and one count of felon in possession of ammunition, under 18 U.S.C. 922(g)(1). On April 3, 2003, pursuant to a Rule 11 plea agreement, Defendant plead guilty to the first count of the indictment. Under the plea agreement, the Government dismissed the second count of the indictment in exchange for Defendant's guilty plea on the first count. The plea agreement capped the custodial sentence at 63 months and the applicable fine at $100,000. Furthermore, Defendant agreed to serve between two to three years of supervised release following his incarceration, to pay the $100 special assessment fee, and to waive his right to appeal if the court imposes a sentence equal to or less than 63 months.

On October 14, 2003, the Court imposed a 63-month term of imprisonment and a two-year term of supervised release. Two days later, Defendant appealed the judgment, claiming that the Court did not recognize it had the authority to downwardly depart from the then-mandatory sentencing guideline range, and that this violated his Fifth and Sixth Amendment rights. The Sixth Circuit dismissed Defendant's appeal, on the grounds that the appellate-waiver language of the Rule 11 plea agreement barred any challenge to the sentence. On June 14, 2006, Defendant filed a Section 2255 motion to vacate his sentence.

## II.     DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT THE SENTENCE

Pursuant to 28 U.S.C. § 2255, a federal prisoner may challenge his conviction on the grounds that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Sixth Circuit has explained that "[t]o prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

In his Section 2255 motion, Defendant argues that his sentence should be vacated because of ineffective assistance of counsel. Defendant states that he was not advised by his attorney as to the full ramifications of the plea agreement. Thus, Defendant asserts that his plea was involuntary and unknowing.

The Sixth Circuit has previously stated that to prevail on a claim of ineffective assistance

of counsel, Defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998). *See also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (same). The first prong—deficient performance—requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. The United States Supreme Court has stated that a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. The Supreme Court has further instructed courts to be "highly deferential" when reviewing a lawyer's performance. *Id.* at 689. As for the second prong—prejudice—a "defendant must show that there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different. *Id.* at 694. In other words, if the court finds a professionally unreasonable error by counsel, the judgment will not be set aside if the error had no effect on the judgment. *Id.* at 691. Thus, a defendant must satisfy both prongs of the test in order to succeed on an ineffective assistance of counsel claim.

Here, Defendant has not demonstrated ineffective assistance of counsel. Defendant alleges that he did not know that he was barred from filing an appeal. He also states that he entered the guilty plea based on the belief that the most time he would serve was 51 months. Therefore, he asserts that his plea was involuntary and unknowing.

The Court is not persuaded. The Rule 11 plea agreement clearly states—on its second page—that "a sentence of no more than 63 months of imprisonment is an appropriate disposition of the case." (Rule 11 Plea Agreement, 2.) In other words, Defendant could be sentenced to a maximum of 63-months imprisonment. Furthermore, the plea agreement expressly states that

"[i]f the court imposes a sentence equal to or less than the maximum sentence described in [Section 2] of this agreement, defendant waives any right he may have to appeal his conviction or sentence, including any rights under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines." (*Id.* at 6.)  Lastly, Defendant signed the plea agreement directly below the following statement: "By signing this document, the defendant acknowledges that he has read (or been read) this entire document, understands it and agrees to its terms; and also acknowledges that he is satisfied with his attorney's advice and representation." (*Id.* at 7.)  Thus, given the agreement's plain language and the Defendant's signature, the Court finds that Defendant voluntarily and knowingly entered the plea agreement.

In addition, Defendant asserts that he was not "advised that the probation department could change the anticipated sentencing guideline range that had been agreed upon between his trial counsel and the assistant U.S. attorney." (Def.'s Mot., 3 at ¶ 14.)  Defendant's sentencing guideline range was 51 to 63 months. (Rule 11 Plea Agreement, Worksheet D.)  However, Defendant states that the probation department re-calculated the sentencing guideline range to be 63 to 78 months, as one of the firearms involved was a semi-automatic weapon. (Def.'s Br. Supp. Mot., 6-7.)  Defendant claims that if he had known that the sentencing guideline range could be increased, he would not have entered his guilty plea.

Defendant's assertions are immaterial.  As explained above, the express language of the plea agreement states that "defendant waives any right he may have to appeal his conviction or sentence . . . on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines."  Moreover, Defendant did not receive a sentence that was outside the scope of the plea agreement.  As Defendant admits, "the parties agreed that the appropriate

sentencing guideline range was 51-63 months." (Def.'s Br. Supp. Mot., 6.) Regardless of the probation department's calculations or re-calculations, Defendant agreed to a maximum sentence of 63 months. And he received a sentence of 63 months. Furthermore, Defendant entered the guilty plea in exchange for the Government's dismissal of the second count of the indictment. Thus, Defendant's guilty plea insured that he would receive no more than 63-months imprisonment, which is the sentence that the Court imposed.

Lastly, Defendant argues that his sentence is inconsistent with *United States v. Booker*, 543 U.S. 220 (2005), because the *Booker* Court ruled that the sentencing guidelines were advisory rather than mandatory. However, *Booker* does not apply to this case. In *United States v. Bradley*, the Sixth Circuit held that a change in the law is not grounds for a defendant to renege on a plea agreement with the Government. 400 F.3d 459 (6th Cir. 2005). The Sixth Circuit explained that "the Supreme Court has long instructed [that a plea agreement] may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future." *Bradley*, 400 F.3d at 463. Furthermore, the Sixth Circuit stated that "[w]here developments in law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Id*. Thus, in *Bradley*, the Sixth Circuit held:

> Having voluntarily and knowingly bargained for a decrease in the number of counts charged against him and for a decreased sentence, [defendant] cannot now extract two components of that bargain—his agreement to be sentenced under the then-mandatory Guidelines and his agreement to waive his right to appeal—on the basis of changes in the law after that bargain was struck.

*Id.* at 465.

Here, as in Bradley, the Court finds that Defendant is not entitled to renege on his plea

agreement, which he voluntarily and knowingly entered.  The Court sentenced Defendant in October 2003—more than one year before the United States Supreme Court issued its decision in *Booker*, in 2005.  Thus, *Booker* is not applicable to the case at hand.

### III.     CONCLUSION

For the reasons stated above, Defendant has not proven ineffective assistance of counsel or that his guilty plea was involuntary and unknowing.  Accordingly,

IT IS ORDERED that Defendant's motion under 28 U.S.C. § 2255 is denied.


                                        s/Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
                                        CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 7, 2006
       Detroit, Michigan