UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JAMES HICKS,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Criminal Action No.
00-CR-80042

Civil Action No.
06-CV-12628

HON. BERNARD A. FRIEDMAN

## ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner has appealed from the Court's Memorandum Opinion and Order of November 7, 2006, denying Petitioner's application for a writ of habeas corpus. Once an applicant files a notice of appeal, as Petitioner has done here, then "the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b). The Court finds 28 U.S.C. § 2253 to be instructive when making such a determination. Section 2253(c) states:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). Thus, in order to obtain the certificate, the Petitioner must make a "substantial

showing" that his constitutional rights have been violated. See id. at (c)(2). The United States Supreme Court explained this standard as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (alteration in original) (quoting Gordon v. Willis, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). Further, the Sixth Circuit has held that the Antiterrorism and Effective Death Penalty Act "makes no change to the general showing required to obtain a certificate." Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997). Thus, 28 U.S.C. § 2253(c)(2) is a codification of the "substantial showing" standard in Barefoot, and it must be met by an applicant who claims that he was denied a constitutional right.

In the present case, Petitioner has not met the Barefoot standard, for the Court does not believe that the issues raised in Petitioner's motion are debatable among jurists of reason. Therefore, it would not be appropriate for the Court to issue a certificate of appealability. Accordingly,

IT IS ORDERED that the Court shall not issue a certificate of appealability in this case.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: December 20, 2006
Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

/s/ Patricia Foster Hommel
Patricia Foster Hommel
Secretary to Chief Judge Friedman